HALL, Judge.
Plaintiff seeks damages from the State of Louisiana through the Department of Highways for losses he sustained when part of his herd of cattle became ill and died. Plaintiff alleges that his cattle died of arsenic poisoning after defendant’s employees sprayed the highway right of way adjacent to plaintiff’s pastureland with a herbicide containing arsenic. The trial court found that plaintiff failed to prove by a preponderance of the evidence that his losses were caused by the acts of defendant’s employees. Plaintiff appeals. We affirm.
Plaintiff owns 43 acres of land in Winn Parish where he runs a small herd of cattle. Louisiana Highway 34 runs north and south through plaintiff’s property, dividing the tract into an east pasture and a west pasture of approximately equal size. Barbed wire fences .separate plaintiff’s pastures from the grassy right of way bordering the paved roadbed. Plaintiff’s cattle are allowed to graze on the right of way only when he moves the herd from one pasture to another.
On September 23, 1975, defendant’s employees sprayed a herbicide on the right of way of the part of Highway 34 that bisects plaintiff’s property. The active ingredient in the herbicide is monosodium acid metha- *427 nearsonate (MSMA), which contains 22.4% arsenic. On the date that these weed control operations were conducted, plaintiff’s entire herd of cattle was grazing in the west pasture.
During the first weeks of October, some of plaintiff’s cattle began showing signs of sickness. Several cows were listless, were not eating, and had scours. Plaintiff attempted to improve their diet and later he' and a neighbor tried to treat the cattle with terramycin; the condition of the cattle did not improve. On October 20 plaintiff moved the herd from the west pasture, which was overgrazed, to the east pasture, which was lush. Within several days, five to six cows were down and. others were sickly and trembling. Plaintiff called Dr. Pray, a local veterinarian.
Dr. Pray treated the cattle for scours but was unable to determine the cause of their ailment. Several cows died and Dr. Pray performed necropsies on them, removing organs and tissue samples for analysis. Dr. Pray learned that MSMA had been sprayed near the pastures several weeks before and, therefore, called in Dr. Every, a veterinary pathologist with the Northwest Louisiana Livestock Diagnostic Laboratory, to aid in diagnosing the problem. After examining the cattle, Doctors Pray and Every concluded that they were suffering from pulmonary emphysema, an ailment common among adult bovines in the Gulf Coast region. Arsenic poisoning was ruled out as the cause of the ailment because the cows had respiratory difficulties which are not symptomatic of arsenic poisoning.
On November 4, plaintiff called in Dr. Garrett, his veterinarian for 15 years. Dr. Garrett, aware of the Pray-Every diagnosis, examined the cattle and concluded that they were suffering from arsenic poisoning. The fact that the cows had scours and had suffered tremendous weight loss supported his diagnosis.
About 21 of plaintiff’s 45 cows became sick. Eleven died between the end of October and the end of December. The cows that survived were in a deteriorated condition.
At trial of the matter, a number of experts testified, including Doctors Pray, Every, Garrett, and Nicholson. The testimony established certain facts regarding arsenic poisoning in cattle. When arsenic is ingested by cattle, it travels through the liver and kidneys and is excreted in the urine; very little arsenic remains in the body of the cow but severe damage to the liver, kidneys, and renal tubes usually results. Initial symptoms of arsenic poisoning include listlessness, scouring, lack of appetite and weight loss. Although plaintiff’s cattle exhibited each of these symptoms, they also suffered from labored breathing which is symptomatic of pulmonary emphysema but not symptomatic of arsenic poisoning. Dr. Every testified that arsenic poisoning will usually result in death within two weeks; if the poisoned cow survives that period of time, it will usually recover.
Laboratory analysis of tissue samples taken from plaintiff’s cattle revealed, at most, only minute traces of arsenic in the liver and kidneys. However, it was established that cattle quickly excrete arsenic from the body. Nonetheless, the organs and tissue samples analyzed revealed no evidence of lesions or damage to the kidneys, liver, or renal tubes, which is normally found in cases of arsenic poisoning.
The expert testimony also established that while not all of the causes of pulmonary emphysema are known, it is known that the disease can be caused by ingestion of perilla mint (the most common cause of pulmonary emphysema in Louisiana) and by changing cattle from an overgrazed pasture to a lush pasture. Dr. Every noticed perilla mint in plaintiff’s west pasture.
At trial Dr. Garrett testified that plaintiff’s cattle had been in excellent condition prior to September 1975 and he continued to maintain that arsenic poisoning was the cause of plaintiff’s losses. Doctors Pray and Every testified on behalf of the defendant that the cattle died of pulmonary emphysema. Both of these veterinarians testified that labored breathing and gas bubbles trapped under the skin of the back of the cow are classic signs of pulmonary emphy *428 sema. Both symptoms were exhibited by some of plaintiff’s cattle. Further, the two doctors necropsied one of the cows and found that the lungs were distended with air trapped inside, another classic sign of pulmonary emphysema.
Dr. Nicholson, a specialist in veterinary science with the Louisiana Cooperative Extension Service, reviewed the laboratory reports and the veterinarians’ opinions. He testified that the information available to him was not sufficient to make a firm diagnosis but he thought the cattle probably died from emphysema.
The plaintiff in a civil action must prove his case by a preponderance of the evidence. “Proof by a preponderance of the evidence simply means that, taking the evidence as a whole, such proof shows that the fact or cause sought to be proved is more probable than not.” (citations omitted) Prestenbach v. Sentry Insurance Company, 340 So.2d 1331 (La. 1976).
Plaintiff failed to establish by a preponderance of the evidence that his cattle suffered from arsenic poisoning. Based on all of the evidence, a more probable cause of the deaths was pulmonary emphysema, unrelated to the herbicide spraying by defendant. There is no evidence in the record that arsenic poisoning can cause pulmonary emphysema. The probability of pulmonary emphysema as the cause of the cattle dying is supported by the testimony of Doctors Pray, Every, and Nicholson, the classic findings of pulmonary emphysema revealed by the necropsies, the absence of findings supporting arsenic poisoning, the existence of factors known to cause pulmonary emphysema, and the fact that some of the deaths occurred more than three months after the spraying occurred.
For the reasons assigned, the judgment of the trial court is affirmed at appellant’s costs.
Affirmed.